[No. 3490.   March 21, 1931.]

CITY OF CLOVIS v. DENDY.

[297 Pac. 141.]

James A. Hall, of Clovis, for appellant.

Otto Smith, of Clovis, for appellee.

## OPINION OF THE COURT

BICKLEY, C. J.

Appellant was informed against as follows:

"On this 28th day of May, A. D. 1928, personally appeared Otto Smith before the Court of J. R. Graham, Police Judge in and for the City of Clovis, and one of the Justices of the Peace in and for Precinct No. 1, County of Curry, State of New Mexico, and after being duly sworn in conformity with law states that Claud Denby did wilfully and unlawfully commit the offense of selling intoxicating liquor, to-wit, whiskey, to V. R. Watts, and that this happened in the City of Clovis, County of Curry, State of New Mexico on the 24th day of May, 1928, contrary to Section No. 1, of Ordinance No. 238, passed on the 12 day of April, 1927, made and provided in and for the said City of Clovis, New Mexico, and against the peace and dignity of the said City of Clovis, New Mexico.

"Otto Smith, Complainant.

"Subscribed and sworn to before me this 28 day of May, A. D. 1928.

"J. R. Graham, Police Judge."

Upon a hearing, he was convicted and adjudged to pay a fine of $150 from which judgment he appealed to the district court, giving the usual appeal bond.

■ Appellant argues that our statutes enumerating those who may administer oaths do not include a police judge, and therefore the warrant was invalid and that the conviction must therefore fall. Upon a consideration of all of the recitals of the affidavit, we doubt if there is any merit to the contention, but, in any event, appellant is not in a situation to complain. The district court, having jurisdiction of the subject-matter, obtained jurisdiction over the person of the appellant by virtue of the appeal. Hignett v. Atchison, T. & S. F. Ry. Co., 33 N. M. 620, 274 P. 44.

■ Appellant's point No. 3 attacks the ordinance under which the conviction was had, upon the ground that the city had no authority to prohibit the sale of intoxicating liquors.

We think section 90—901, 1929 Comp. commonly termed the "General Welfare Clause," which gives municipal corporations power to make and publish ordinances,

"as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of such corporation and the inhabitants thereof," is sufficient source of power to enact the ordinance in question. See Daniel v. City of Clovis, 34 N. M. 239, 280 P. 260; City of Roswell v. Jacoby, 21 N. M. 702, 158 P. 419. The purpose of the ordinance, being in accord with the state constitutional prohibition amendment and prohibitory statutes, would seem to leave no doubt that the ordinance was properly intended for the general welfare.

But appellant contends that a municipality cannot by ordinance provide for the punishment of an act which constitutes a criminal offense under the general law of the state, in the absence of express legislative authority. Counsel agree that there is a conflict of judicial authority on this proposition. McQuillen, Municipal Corporations (2d Ed.) § 924, states the matter as follows:

"The general doctrine is supported by the weight of judicial authority, that an act may be made a penal offense under the statutes, and that further penalties may be imposed for its commission or omission by ordinance. But to authorize such ordinance the local corporation must possess sufficient charter power and such power must be exercised in the manner conferred and consistent with the constitution and laws of the state.

"There is lack of harmony in the decisions as to whether this general statement is true only where express authority has been given the municipal corporation to legislate on the subject, and that under general grant of power no implied authority to penalize acts punishable by statute exists. This is to say, the cases present some discord respecting the nature of the grant of power necessary to sustain such additional regulations. The question of power seems to be the chief source of conflict. Nevertheless double regulations have been sustained by the United States courts, and by a majority of the state courts as well.

"This position is sound, and consistent with the present social conditions and police protection needed by the inhabitants of the cities and towns. In view of the rapid increase of urban development in modern days, especially in this country, common experience has shown that the exigencies of municipal life require more rigid regulations than is required in rural sections of the state, which are provided by statute. Clearly, many acts are far more injurious, and the temptation to commit them much greater in the congested centers than in the state at large, and when done are not only injurious to the public at large but added injury to the inhabitants of the local community. The better doctrine therefore is that the municipality may exercise necessary implied

authority in police control, in imposing penal regulations consistent with the constitution and laws of the state, although the act has been made a penal offense by statute."

Whether subsection 18 of section 90—402, 1929 Comp. (enacted in 1915), is obsolete or not by virtue of prohibition amendments to the federal and state Constitution is not necessary to decide, but at least it reflects the policy of the state as being in accord with the weight of judicial opinion. The same is true of section 12, c. 89, Laws of 1927, which was a state prohibition act, and which declared:

"Nothing in this Act shall be construed as limiting the power of any city, town, or village, to prohibit the manufacture, sale, transportation, or possession of intoxicating liquors for beverage purposes."

If this section was not a grant of power, it at least seemed to *recognize* the power of municipalities to legislate on the subject. This section was amended by section 7, c. 37, Laws 1929, to read in part:

"Cities, towns or villages are authorized to prohibit the manufacture, sale, transportation or possession of intoxicating liquors for beverage purposes."

So we think this point must be ruled against appellant.

Appellant argues that, in order for the complaint to have been sufficient to allege a violation of the ordinance, it should have alleged that the whiskey was sold for beverage purposes. The allegation is that appellant "did wilfully and unlawfully commit the offense of selling intoxicating liquor to-wit: whiskey, to V. R. Watts, * * * contrary to section Number 1 of ordinance Number 238."

McQuillen, Municipal Corporations, § 1146, states:

"Generally, it is sufficient to charge the offense in the language of the ordinance and with such certainty of time, place, and manner as reasonably to notify defendant of the charge preferred."

And section 90—909, 1929, Comp., has dispensed with stating the section or ordinance in full or the substance thereof. In view of this text and statute and section 35—4415, 1929 Comp., we think the complaint sufficient.

Appellant complains that he should have been allowed a jury trial in the district court. He relies on sec-

tion 12, art. 2, of our Constitution. This provision, however, does not confer, but simply preserves inviolate, the right to a trial by jury already existing. The Legislature of 1915 declared:

"In all trials before justices of the peace for offenses within their jurisdiction the defendant may demand a jury, which shall consist of six jurors, to be summoned in the same manner as jurors in civil cases in justice courts, and said jury shall be empaneled and sworn, but nothing herein shall be held to authorize a jury in justice courts on preliminary examinations, nor in prosecutions under municipal ordinances." Section 79—322, 1929 Comp.

And in 1919 enacted chapter 112 of that session further regulating appeals from justices' courts in cases of violation of municipal ordinances, and in section 3 thereof provided that, on such appeals, "said case to be set for trial before the judge of the district court without a jury." Comp. St. 1929, § 79—524. And in section 6:

"That all trials upon appeals from the justices court to the district court for violations of municipal ordinances shall be de novo and shall be tried before the court without a jury." Section 79—527, 1929 Comp.

Appellant waived jury trial in the justice of the peace court. It is not necessary for us to decide whether he had a right to jury trial in that court. Much may be said to the contrary. Section 27 of article 6 of the Constitution provides for appeals from justice of the peace courts to the district courts, "and in all such appeals trial shall be had de novo unless otherwise provided by law." In 1919 the Legislature enacted chapter 112 of that session, further regulating appeals from justices' courts in cases of violations of city ordinances, and in section 3 thereof declared that on such appeals "said case to be set for trial before the judge of the district court without a jury," and in section 6:

"That all trials upon appeals from the justices court to the district court for violations of municipal ordinances shall be de novo and shall be tried before the court without a jury."

Sections 79—524, 79—527, 1929 Comp. It is not shown how this transgresses section 12 of article 2 of our Constitution.

When the appellant appealed to the district court, he took the appeal which was provided for him by the Constitution and regulated by the statute.

If he had a right to trial by jury in the justice of the peace court, the constitutional guaranty he claims is satisfied. The Constitution does not guarantee more than one jury trial. See Reliance Auto Repair Co. v. Nugent, 159 Wis. 488, 149 N. W. 377, Ann. Cas. 1917B, 307; O'Loughlin v. Bird, 128 Mass. 600.

■ Appellant argues that the evidence is not sufficient to support a judgment of guilty, but, upon a careful examination thereof, we disagree with him.

■ Appellant's concluding point is that the sentence is beyond the powers of municipal corporations. He relies upon section 26 of article 6 of the Constitution ,and upon section 79—208, 1929 Comp., which confers jurisdiction upon justices of the peace in cases of misdemeanors where the punishment prescribed by law may be a fine of $100 or less, or imprisonment for 6 months or less, or may be both such fine and imprisonment, etc.

Section 90—910, 1929 Comp., confers jurisdiction on justices of the peace in all prosecutions and suits for the recovery of fines arising under the provisions of the municipal code, or any ordinances passed in pursuance thereof. Section 90—901, 1929 Comp., provides that municipal corporations have power to enforce obedience to its ordinances by fines not exceeding $300 or by imprisonment not exceeding 90 days, by suit or prosecution, before any justice of the peace within the limits of such city or town.

We hold that, under the Constitution and statutes, the sentence imposed is not beyond the jurisdiction of the court to impose.

Finding no error in the record, the judgment of the trial court is affirmed, and it is so ordered.

SADLER and HUDSPETH, JJ., concur.

WATSON and PARKER, JJ., did not participate.