273 P.2d 642

**STATE ex rel. COFFIN**

**v.**

**McCALL et al.**

No. 5776.

Supreme Court of New Mexico.

Aug. 9, 1954.

S. Morton Rutherford, III, Carlsbad, for appellants.

Neal, Nuemann & Neal, Carlsbad, for appellee.

COMPTON, Justice.

This proceeding challenges the jurisdiction of municipalities to enact ordinances relating to the driving of motor vehicles by persons under the influence of intoxicating liquor or narcotic drugs.

Appellee was charged with having operated a motor vehicle in the City of Carlsbad while under the influence of intoxicating liquor in violation of Section 2–101 of the City Code, which provides:

> "It shall be unlawful for any person who is an habitual user of narcotic drugs, or any person who is under the influence of intoxicating liquor or narcotic drugs, to drive any motor vehicle on the streets."

The penalty provided therefor by the City Code read:

> "Any person violating any of the provisions of this article shall, upon conviction, be fined a sum not less than $1.00 nor more than $100.00, or confined in the City jail for a term not exceeding 30 days."

Appellee sought to prohibit respondent McCall, Judge of the Police Court of the City of Carlsbad, from trying him upon the charge. By permission of the court, the City was granted leave to intervene. A

temporary writ of prohibition was granted and upon final hearing the writ was made permanent, and respondents appeal.

It is the position of appellee that the ordinance exceeds the grant of power conferred upon the municipality and that it is in conflict with Chapter 139, Laws 1953, New Mexico Statutes. On the other hand appellant contends that the ordinance is a valid exercise of its police powers.

A determination of the first question rests upon a correct interpretation of Sections 27 and 28 of the Act, which read:

"Section 27.   Provisions of Act uniform throughout State.—The provisions of this Act shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any ordinance, rule, or regulation in *conflict* with the provisions of this Act unless expressly authorized herein.   *Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this Act.*   (Emphasis ours.)

"Section 28.   Powers of local authorities.—(a) The provisions of this Act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:

"1.   Regulating the standing or parking of vehicles;

"2.   Regulating traffic by means of police officers or traffic-control signals;

"3.   Regulating or prohibiting processions or assemblages on the highways;

"4.   Designating particular highways as one-way highways and requiring that all vehicles thereon be moved in one specific direction;

"5.   Regulating the speed of vehicles in public parks;

"6.   Designating any highway as a through highway and requiring that all vehicles stop before entering or crossing the same or designating any intersection as a stop intersection and requiring all vehicles to stop at one or more entrances to such intersection;

"7.   Restricting the use of highways as authorized in Section 179 of this Act;

"8.   Regulating the operation of bicycles and requiring the registration and licensing of same, including the requirement of a registration fee;

"9.   Regulating or prohibiting the turning of vehicles or specified types of vehicles at intersections;

"10.   Altering the prima facie speed limits as authorized herein;

"11. Adopting such other traffic regulations as are specifically authorized by this Act."

The City of Carlsbad was organized pursuant to the provisions of Chapter 111, Laws 1903, section 14–317 et seq., 1941 Comp., and was vested with all the powers, privileges and duties of cities of the state, particularly to regulate the use of its streets. Section 14–2201, commonly termed as the "General Welfare Clause", giving municipal corporations power to make and publish ordinances for carrying into effect and discharging the powers and duties conferred by law as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of such corporation and its inhabitants, and to enforce obedience thereof by fines or by imprisonment, is a sufficient source of power to municipalities to enact and enforce the ordinance under consideration. City of Clovis v. Dendy, 35 N.M. 347, 297 P. 141, 142. Moreover, if there should be any doubt as to the powers thus granted municipal corporations, and we entertain none, section 27 itself is a sufficient grant. It provides that "local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this Act." Obviously, the section confers powers upon municipal corporations to enact ordinances consistent with the act. Section 28, subsection 1 to 11 inclusive, is a specific grant of power to enact ordinances in conflict therewith to the extent limited thereby.

In City of Clovis v. Dendy, supra, we said:

"We think section 90–901, 1929 Comp. (section 14–2201, 1941 Comp.), commonly termed the 'General Welfare Clause,' which gives municipal corporations power to make and publish ordinances, 'as shall seem necessary and proper to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of such corporation and the inhabitants thereof,' is sufficient source of power to enact the ordinance in question. * * *"

It is argued that since the purpose of Chapter 139 is to establish uniform legislation regulating the driving of vehicles by persons while intoxicated the ordinance, involving the same subject matter, is in conflict with the act and should be stricken down as invalid. In determining this question, the test is whether the ordinance permits an act the general law prohibits, or vice versa. We take notice of the alleged conflict. The penalties are different; the ordinance applies to offenses committed on the *streets,* the state law applies to *streets* and *elsewhere* within the state; the ordinance applies to the offense of driving

under the influence of *intoxicating liquor* or *narcotic drugs,* the state law applies to any *intoxicated person in actual physical* control of the vehicle as well; the ordinance applies to *narcotic drugs,* the state law applies to *narcotic drugs* and *any other drug* which renders a driver incapable of safe driving; the ordinance applies to *motor vehicles,* and state law applies to *all vehicles.*

.Tested by the foregoing rule, we reach the conclusion that there is no invasion of statutory authority. The ordinance merely complements the statute and is nowhere antagonistic therewith.

In Mares v. Kool, 51 N.M. 36, 177 P.2d 532, 533, we were considering an ordinance and statute which read:

" 'It shall be unlawful for any person while in an intoxicated condition caused by the use of alcohol, drugs, narcotics, and any other cause whatever, to operate, or attempt to operate, a vehicle upon any street or any public way in the City of Albuquerque.'
* * *

" '* * * Local authorities may also adopt and enforce ordinances, not in conflict with the provisions of this act, relative to the operation of vehicles upon the highways within their respective jurisdictions.' " Laws 1929, ch. 75, section 32.

The validity of the ordinance was sustained in the following language:

"We adhere to the rule announced in City of Clovis v. Dendy, supra, that an ordinance may duplicate or complement statutory regulations, when authorized by the Legislature, and we conclude that the statutes quoted above authorized the City of Albuquerque to enact the ordinance in question."

Appellee cites cases from other jurisdictions, California, Minnesota, West Virginia, Arizona and North Dakota, as supporting his position but these cases do not lend support since the statutes of those states in the main expressly declare the general law to be exclusive on the subject. Our statute contains no such limitation.

Cases from other jurisdictions are in accord. Salt Lake City v. Kusse, 97 Utah 113, 93 P.2d 671; Shaw v. City of Norfolk, 167 Va. 346, 189 S.E. 335; State v. Poynter, 70 Idaho 438, 220 P.2d 386; Kistler v. City of Warren, 58 Ohio App. 531, 16 N.E. 2d 948; Village of Struthers v. Sokol, 108 Ohio St. 263, 140 N.E. 519.

Other questions are urged as a basis for reversal of the judgment but a discussion of these is deemed unnecessary in view of the conclusion reached. The judgment will be reversed with direction to the lower court to reinstate the cause upon its docket

and enter an order discharging the writ heretofore issued, and it is so ordered.

McGHEE, C. J., and SADLER, LUJAN and SEYMOUR, JJ., concur.