535 P.2d 68

**CITY OF LAS CRUCES, Plaintiff-Appellee,**

v.

**Bill DAVIS, Defendant-Appellant.**

**No. 1750.**

Court of Appeals of New Mexico.

April 23, 1975.

Anthony F. Avallone, Las Cruces, for defendant-appellant.

Frank N. Chavez, Las Cruces, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant was convicted of driving while intoxicated contrary to the Traffic Code of the City of Las Cruces. The facts are not in dispute. Defendant was driving at a time when his blood alcohol level indicated that he was under the influence of an intoxicating liquor. The act occurred

on private property, namely the parking lot of the V. F. W. Lodge. Defendant's only contention on appeal is that the Traffic Code of the City of Las Cruces does not apply to driving on private property. We agree and reverse.

■ Section 11–9–25(A) of the Las Cruces Traffic Code, under which defendant was convicted states:

"A. It shall be unlawful for any person who is under the influences of intoxicating liquor to drive or be in actual physical control of any vehicle."

Reading this section alone, it would appear to proscribe driving while intoxicated on any property, both public and private, within the municipality of Las Cruces. However, the parts of an act must be considered as a whole, Mann v. Board of County Commissioners, 58 N.M. 626, 274 P.2d 145 (1954), and reading the municipal ordinance as a whole shows that § 11–9–25(A), supra, is only applicable to highways.

■ Chapter 11 of the Las Cruces ordinance is entitled "Traffic Code." Article 1 of the Code states:

"The words and terms used in this Chapter are used in their commonly accepted meaning except where such terms and words have been defined in the New Mexico Uniform Act Regulating Traffic on Highways, Chapter 64, Article 14, New Mexico Statutes Annotated, 1953 Compilation and amendments thereto, in which case the definitions therein contained are hereby accepted for the meaning of the same terms and words when used in this chapter."

The title to Chapter 64, Article 14, being §§ 64–14–1 through 64–14–25, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 2, 1972) states in part:

"An act providing for a code regulating traffic on highways and defining certain crimes in the use of highways and in the use and operation of vehicles operating on those highways; providing for traffic signs, signals, and markers; prohibiting damages to highways and structures thereof and providing penalties and civil liability therefor; defining the power of local authorities to enact or enforce ordinances, rules or regulations in regard to matters embraced within the provisions of this act; providing for the arrest without warrants in certain cases; creating a uniform code of law relating to the subject matter of this act; . . . ."

Section 64–14–22, supra, defines "traffic" as follows:

"TRAFFIC.—Pedestrians, ridden or herded animals, vehicles, and other conveyances either singly or together while using any *highway* for purposes of travel." [Emphasis added]

Section 64–14–16(a), supra, defines "highway":

". . . Street or highway. The entire width between the boundary lines of every way of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular travel."

Thus by its terms, the Las Cruces Traffic Code only applies to traffic on highways and defendant's act was committed on property not within the scope of the ordinance. However, appellee-City would have us construe the Traffic Code as ambiguous and apply principles of construction to arrive at a legislative intent to make § 11–9–25(A), supra, applicable to private property.

■ First, the city refers us to §§ 64–15–1 and 64–22–2, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 2, 1972) of the state statutes proscribing driving while intoxicated. These sections apply to "highways and elsewhere throughout the state," i. e. to both public and private property. Appellee argues that the City could not proscribe drunk driving solely on public highways because such a provision would be inconsistent with the state proscription. Section 64–15–7, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 2, 1972) states that a local authority may only enact traffic regulations which are

not in conflict with state law. The answer to appellee's contention is found in State v. McCall, 58 N.M. 534, 273 P.2d 642 (1954). There our Supreme Court held that identical provisions of a city's ordinance were not in conflict with an identical, but earlier, state law.

Second, the city argues that since the Las Cruces Traffic Code refers to state statutes for definitions, we must look to Chapter 64 of the state statutes in its entirety to determine if the Las Cruces ordinance is applicable to private property. The argument continues that if the state statutes, particularly §§ 64–15–1 and 64–22–2, supra, are applicable to private property, then, so is the city ordinance. This argument overlooks the fact that the city ordinance only makes reference to Article 14 of Chapter 64 and not to the whole of Chapter 64 for definitions. Restricting ourselves only to Article 14, §§ 64–14–2 through 64–14–25, supra, we find no extension of the Las Cruces City Traffic Code's scope to include acts occurring on private property.

Third, the city cites us to a wealth of authority to the effect that a provision proscribing driving while intoxicated without specifying the area of application will proscribe drunk driving anywhere. See Annot., 29 A.L.R.3d 938 (1970). However, none of the cases cited by appellee are in point since the instant city ordinance does specify the area intended to be covered. Further, the cases in the preceding annotation uniformly hold that where a particular ordinance is restricted in scope to public highways, the court will not extend its application to private property.

 This is in conformity with New Mexico law. The meaning or area of application of a law may be evidenced from its title. See Harriett v. Lusk, 63 N.M. 383, 320 P.2d 738 (1958); State v. Moore, 40 N.M. 344, 59 P.2d 902 (1936). The instant ordinance is entitled "Traffic Code." There is a particular section defining "traffic"—Article 1 of the Traffic Code referring to §§ 64–14–22 and 64–14–16(a),

supra. The V. F. W. Lodge parking lot does not come under the definition. The language used in the ordinance is plain and unambiguous. This court will not extend the scope of the ordinance to cases not plainly within the language used. State v. Thompson, 57 N.M. 459, 260 P.2d 370 (1953).

It appearing that defendant's action of driving while intoxicated did not occur on property within the scope of the Traffic Code of the City of Las Cruces, the cause is reversed.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.