889 P.2d 1246

**CITY OF RIO RANCHO, New Mexico, Plaintiff–Appellant,**

v.

**Ronald H. YOUNG, Defendant–Appellee.**

No. 15482.

Court of Appeals of New Mexico.

Jan. 6, 1995.

Certiorari Denied Feb. 10, 1995.

Randall D. Van Vleck, City Atty., Rio Rancho, for plaintiff-appellant.

Robert R. Fuentes, Fuentes & Associates, P.C., Rio Rancho, for defendant-appellee.

## OPINION

DONNELLY, Judge.

The City of Rio Rancho (the City) appeals from an order of the district court dismissing Defendant's conviction of driving while intoxicated, contrary to a municipal ordinance. The central issue presented on appeal is whether the City, a home rule municipality, may enforce its traffic code for alleged violations that have occurred on private property without the written consent of the property owner. We affirm.

## FACTS

The parties stipulated to the material facts underlying this appeal. Defendant was found in his car located in the parking lot of the Rio Rancho Inn. The Rio Rancho Inn and the parking lot are on privately owned property situated within the city limits. Defendant was arrested and all conduct resulting in his arrest occurred on private property. At the time of his arrest, the City did not have written consent of the Rio Rancho Inn to regulate speed or traffic conditions on the property where the violation of the ordinance was alleged to have occurred. Defendant was convicted of DWI in municipal court pursuant to City Ordinance 12–6–12.1. Defendant appealed his conviction to district court, arguing that the court should dismiss the charge against him for lack of jurisdiction. The district court granted Defendant's motion and dismissed the charge on February 17, 1994.

## DID THE CITY HAVE JURISDICTION?

At the hearing in the district court on Defendant's motion to dismiss the charge against him, Defendant asserted that absent a showing that the City had obtained the express written approval by the owner, the City was without jurisdiction to enforce its DWI ordinance, 12–6–12.1(A)(1), on private property. The latter ordinance provides: "It is unlawful for any person who is under the influence of intoxicating liquor to drive any vehicle within this municipality." The City argues that the ordinance, together with the provisions of Rio Rancho Revised Ordinance 12–6–15(B), make clear that its traffic code, including its DWI ordinance, is applicable "upon the streets and highways and elsewhere throughout this municipality," irrespective of whether the offense occurred on private property.

In response to the City's argument, Defendant relies on the provisions of NMSA 1978, Section 3–49–1 (Repl.Pamp.1984), which he contends limits the authority of a municipality to enforce its traffic ordinances on private property. This statute states, in applicable part:

A municipality may lay out, establish, open, vacate ... streets; including, but not necessarily limited to median and divider strips, parkways and boulevards; alleys, avenues, sidewalks, curbs, gutters and public grounds, and may:

. . . .

L. regulate traffic and sales upon streets, sidewalks and public places;

. . . .

O. *with the written consent of the owner, regulate the speed and traffic conditions on private property.* [Emphasis added.]

Defendant also points out that this Court, in *City of Las Cruces v. Davis,* 87 N.M. 425, 535 P.2d 68 (Ct.App.1975), considered an analogous situation and held that, absent a municipality obtaining the written consent of the owner of the property, the City of Las Cruces was without authority to enforce its ordinance prohibiting individuals from driving while intoxicated where the conduct in question was shown to have occurred on private property.

The City argues that *Davis* is not determinative here because the Las Cruces ordinance was applicable only to streets and

highways within the municipality, and the DWI ordinance enacted by Rio Rancho is more extensive in its scope. The City also contends that its ordinance is entitled to deference because Rio Rancho is a home rule city; thus, it asserts that, absent express state legislative restrictions limiting such authority, it is empowered to enact and enforce ordinances regulating speed and traffic conditions applicable to all property, whether public or private, situated within its municipal boundaries.

■ In analyzing the arguments of the parties, we first address the district court's conclusion that the City was without jurisdiction to enforce its traffic ordinances on the parcel of private property involved here. When a legal conclusion is challenged on appeal, the appellate standard of review is whether the law was correctly applied to the facts, viewing them in the manner most favorable to the prevailing party. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.,* 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990); *Texas Nat'l Theatres, Inc. v. City of Albuquerque,* 97 N.M. 282, 287, 639 P.2d 569, 574 (1982). We begin our analysis with the premise that the City, as a "home rule" municipality under New Mexico Constitution Article X, Section 6, had the authority to enact and enforce its traffic ordinances within its city limits, unless it is shown that there are constitutional or legislative enactments expressly denying or restricting the City's legislative powers or functions. *Apodaca v. Wilson,* 86 N.M. 516, 521, 525 P.2d 876, 881 (1974) (home rule municipalities possess authority to act unless statutory restrictions limit municipality's power to act).

We agree with the City that the holding in *Davis* is distinguishable from the instant case. In *Davis* the Court found that the provision of the Las Cruces Municipal Code relating to DWI applied only to traffic on "any highway" within the municipality. *Davis,* 87 N.M. at 426–27, 535 P.2d at 69–70. Thus, the Court in *Davis* held that where a particular ordinance is restricted in scope to public highways, the ordinance could not be

extended to conduct which is shown to have occurred on private property. *Id.* at 427, 535 P.2d at 70. In the present case, the City argues that its traffic code is not expressly limited to public highways, and the code expressly provides that its provisions are applicable "elsewhere throughout the municipality." Revised Ordinance 16–6–15(B). Defendant contends, however, that the legislature, by enacting Section 3–49–1, intended to place specific limitations on all municipalities, including home rule municipalities, precluding the enforcement of municipal traffic ordinances on privately owned property located within the municipality unless written authorization has previously been obtained from the owner of such property.

■ At the hearing before the district court and in its brief on appeal, the City argued that Section 3–49–1 does not apply to home rule municipalities because this statute does not constitute a specific denial of authority to legislate on this subject. Article X, Section 6(D) of the New Mexico Constitution provides, in pertinent part, that "[a] municipality which adopts a charter may exercise all legislative powers and perform all functions not expressly denied by *general law* or charter." (Emphasis added.) A "general law" is a law that applies throughout the state or is of statewide concern. *Apodaca,* 86 N.M. at 521, 525 P.2d at 881. The City also contends that even a law that is general in form, and which does not expressly deny a municipality the power to act, cannot " 'deprive cities of the right to legislate on purely local affairs germane to the purposes for which the city was incorporated.' " *Id.* at 522, 525 P.2d at 882 (quoting *City of Portland v. Welch,* 154 Or. 286, 59 P.2d 228, 232 (1936)). The City further argues that the language of Section 3–49–1 is permissive, rather than a specific denial of authority because the statute states that municipalities *may* regulate the use of the streets. Additionally, the City notes that Article X, Section 6(E) of the state constitution provides that the powers of municipalities should be given a liberal construction. The City asserts these factors require a find-

ing that Section 3–49–1 does not limit its home rule authority to enforce its traffic ordinances on private property within its municipal boundaries. We disagree. A statute enacted by the legislature is deemed to override an enactment of a home rule municipality where the legislative provision relates to a matter of statewide concern, as opposed to purely local concern. *State ex rel. Haynes v. Bonem,* 114 N.M. 627, 632, 845 P.2d 150, 155 (1992). Although there is no fixed guiding principle to distinguish between these two areas, the general test articulated by our Supreme Court is whether the legislative enactment in question is shown to affect most or all of the state's inhabitants, or whether it affects only certain inhabitants within the municipality. *Id.* at 633, 845 P.2d at 156. Applying the test articulated above, we believe the restrictions contained in Section 3–49–1 constitute matters of statewide concern.

The phrase "not expressly denied" contained in Article X, Section 6(D) of our state constitution means that some express statement of the authority or power denied must be contained in the general law in order to constitute a limitation on the City's home rule authority. *Casuse v. City of Gallup,* 106 N.M. 571, 573, 746 P.2d 1103, 1105 (1987). In *Casuse* our Supreme Court held that the words "expressly denied" refer to "any New Mexico law that clearly intends to preempt a governmental area" of authority and are sufficient to constitute a limitation of home rule authority "without necessarily stating that affected municipalities must comply and cannot operate to the contrary." *Id.; accord Bonem,* 114 N.M. at 634, 845 P.2d at 157.

■ From our review of the constitutional and statutory provisions cited by the parties, we think it is clear that the legislature intended the provisions of Section 3–49–1 to apply to all municipalities, including home rule cities. NMSA 1978, Section 3–1–2(G) (Cum.Supp.1994) defines "municipality" as "any incorporated city, town or village, whether incorporated under general act, special act or special charter, incorporated counties and H class counties." A similar defini-

tion is used when a municipality has adopted a home rule charter. NMSA 1978, § 3–15–3 (Repl.1985) ("any incorporated city, town, village or county, whether incorporated under general act, special act or constitutional provision"). We conclude that the district court properly held that the City's ordinance regulating DWI is not enforceable on private property within its municipal boundaries, absent a showing that the City has obtained the express written consent of the property owner.

We also determine that Judge Brown correctly found that Section 3–49–1(O) specifies the sole method by which municipalities, including home rule municipalities, may extend the reach of their traffic ordinances regulating speed and traffic conditions to violations asserted to have taken place on private property. Any changes in the application or reach of the statute are matters to be addressed by the legislature, not the courts. *See State v. Gardner,* 112 N.M. 280, 282, 814 P.2d 458, 460 (Ct.App.), *cert. denied,* 112 N.M. 235, 814 P.2d 103 (1991).

■ In sum, although the legislature has enacted legislation specifically authorizing municipalities to regulate the speed and traffic conditions within the municipality, the power of a municipality to control such activities on private property is contingent or subject to the municipality first obtaining the written consent of the property owner.

*CONCLUSION*

The district court's order granting Defendant's motion to dismiss is affirmed.

IT IS SO ORDERED.

PICKARD and BLACK, JJ., concur.