This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF FARMINGTON,**

Plaintiff-Appellee,

v.                                      **NO. 32,712**

**MICHAEL REDHORSE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Jennifer Breakell, Assistant City Attorney
Farmington, NM

for Appellee

Titus & Murphy Law Firm
Victor A. Titus, Esq.
Farmington, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant Michael Redhorse appeals his conviction for one count of aggravated driving while intoxicated (DWI). [DS 8; RP 192] In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. We do not find Defendant's arguments persuasive, and therefore, we affirm.

**PRIVATE PROPERTY**

{2}     In this Court's calendar notice, we addressed Defendant's argument that the City of Farmington did not have jurisdiction to arrest him for driving while intoxicated in violation of a municipal ordinance because the police found him and his motorcycle on private property. [DS 3, 5-6] We agreed that the City's ordinances are "not enforceable on private property within its municipal boundaries, absent a showing that the City has obtained the express written consent of the property owner." *City of Rio Rancho v. Young*, 1995-NMCA-002, ¶ 11, 119 N.M. 324, 889 P.2d 1246. Nevertheless, based on the record before this Court, we proposed to hold that there was substantial evidence to support the district court's findings that the motorcycle accident occurred on Main Street, which is owned and maintained by the City. [RP 179-80] We also proposed to conclude that Defendant was impaired and drove on a public roadway.

**{3}**     In his memorandum in opposition, Defendant fails to indicate why this Court's proposed disposition was in error. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). We note, however, that Defendant asserts that this Court may not presume that he drove while impaired, and Defendant analogizes this case to *State v. Cotton*, 2011-NMCA-096, 150 N.M. 583, 263 P.3d 925, where this Court held that there was insufficient evidence to support the defendant's conviction for DWI. [MIO 3] We construe this as a separate argument apart from whether the City can enforce its municipal ordinances on private property.

**{4}**     Although Defendant cited to *Cotton* in his docketing statement, Defendant did not develop this argument until his memorandum in opposition. [DS 6; MIO 3-4] *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (explaining that this Court does not review unclear or undeveloped arguments). Nevertheless, Defendant did not move to amend the docketing statement to add this issue. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon good cause shown); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement).

**{5}** The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. To the extent that we might construe the addition of this argument as a motion to amend the docketing statement, Defendant has failed to demonstrate that he meets the requirements for granting a motion to amend, including the requirement that the issue must be viable. *See id.* ("By viable, we meant to describe an argument that was colorable, or arguable, and to distinguish arguments that are devoid of any merit.").

**{6}** Contrary to Defendant's assertion [MIO 3], the facts in this case are distinguishable from those in *Cotton*. In *Cotton*, an officer was dispatched to the defendant's location to investigate a possible domestic violence incident. 2011-NMCA-096, ¶ 1. Upon the officer's arrival, he found the defendant in the driver's seat of a van parked on the side of the road near Hobbs. *Id.* The defendant's girlfriend and her four young children were also in the van. *Id.* Although the defendant exhibited signs of intoxication, there was insufficient evidence to prove that

4

the defendant actually drove while impaired. *Id.* The van was not running and the keys were not in the ignition. *Id.* ¶ 5. Indeed, there was no evidence regarding when the van was parked. *Id.* ¶ 14. Based on this evidence, the Court determined that even if a jury could infer that the defendant drove to the location where he was arrested, the jury could not infer that he drove while he was impaired. *Id.* Therefore, we reversed the defendant's DWI conviction. *Id.* ¶ 15.

{7}    In the present case, officers were dispatched to a motorcycle accident, with injuries, on Main Street. [RP 203/10, 207/27] Upon their arrival, Defendant admitted that he was driving the motorcycle on Main Street and preparing to turn into the Walmart parking lot when the accident occurred. [RP 179-80, 204/13, 208/29] There was also physical evidence in the roadway and damage to Defendant's motorcycle. [DS 3; RP 203/10 to 203/11] Officer Brown testified that he observed that Defendant had "bloodshot, watery eyes and an odor of an alcoholic beverage emitting from his breath." [RP 207/26, 208/29] Officer Brown further testified that he did not observe any alcohol bottles in the area [RP 207/28 to 208/30], and Defendant admitted that he had consumed one margarita at dinner and "a few beers prior to our contact" [RP 208/30]. Shortly after Officer Brown arrived on scene, Defendant was transported to the emergency room. [RP 208/30]

5

**{8}** These facts are different from those in *Cotton* where there was no evidence when the defendant drove the van, or even if the defendant drove the van. *Cotton*, 2011-NMCA-096, ¶ 14. In this case, Defendant admitted driving his motorcycle and being involved in an accident, officers were dispatched to the accident with injuries, and the accident occurred in downtown Farmington—not a rural location, where Defendant may have been waiting for the officers' arrival for a long period of time. Based on these facts, the fact finder could infer that officers responded to the accident in a short period of time. Also in this case, Defendant admitted that he consumed alcohol before the investigating officer approached him. Even though it is not clear when Defendant consumed alcohol, a factfinder could infer that Defendant did not consume the alcohol after his accident because there were no alcohol containers in the area. Unlike the facts in *Cotton*, it was reasonable for the factfinder in this case to infer that Defendant drove his motorcycle while impaired on Main Street shortly before the officers arrived on scene. Accordingly, there is sufficient evidence to support Defendant's conviction for DWI. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict.").

{9} Because we conclude that Defendant has not demonstrated that his evidentiary claim is viable, we deny Defendant's motion to amend the docketing statement to include a sufficiency of evidence argument.

**RIGHT TO CONFRONTATION**

{10} In this Court's calendar notice, we also proposed to conclude that the district court had jurisdiction over Defendant's initial appeal and that the proper remedy for any alleged constitutional violations was a trial de novo. In his memorandum in opposition, Defendant continues to assert that his right to confrontation was violated in the municipal court because the lab analyst who analyzed his blood sample did not present live testimony. [MIO 5-6] Similarly, Defendant maintains that *City of Farmington v. Pinon-Garcia*, 2012-NMCA-079, 284 P.3d 1086, *cert. granted*, 2012-NMCERT-008, 296 P.3d 491, is applicable and supports dismissal of this case. [MIO 6-7]

{11} Once again, Defendant cites no authority for the assertion that a trial de novo in district court is an inadequate remedy for the municipal court's violation of his right to confrontation. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (where a party cites no authority to support an argument, we may assume no such authority exists). We continue to believe that *Pinon-Garcia* is limited to

7

double jeopardy principles. Other errors committed by the municipal court are properly cured by a trial de novo in district court. Defendant's brief argument to the contrary, without citation to authority, is not developed well enough to cause us to reconsider. *See Fuentes*, 2010-NMCA-027, ¶ 29 (explaining that this Court does not review unclear or undeveloped arguments).

{12} We note that Defendant appears to raise a speedy trial issue, in one comment, for the first time in his memorandum in opposition. [MIO 7] To the extent that Defendant seeks to amend his docketing statement to include this issue, Defendant has failed to demonstrate that he meets the requirements for granting a motion to amend, and Defendant has not properly developed this argument.

**CONCLUSION**

{13} For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{14} **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**

8

_____

**M. MONICA ZAMORA, Judge**