This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.                                                   NO. 34,286

**SYLVIA J. MARIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Paul V. Sanchez
Roswell, NM

for Appellee

Kennedy, Kennedy & Ives, LLC
Theresa Hacsi
Joseph Patrick Kennedy
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Defendant appeals her conviction for obstructing an officer based on a city

ordinance. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}     Defendant continues to challenge the sufficiency of the evidence to support her conviction for obstructing an officer. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations  omitted).

{3}     Under the applicable City of Roswell ordinance, obstructing an officer is defined as "Resisting, obstructing or abusing . . . [a] peace officer in the lawful discharge of his duties." [RP 7] Here, officers responded to Defendant's residence after Defendant called about a domestic disturbance, alleging that her husband was in the house breaking their personal property. [DS 2] The officers told Defendant that the alleged acts were not a crime, but they advised her that it was in the parties' interest to separate for the evening. [DS 2] Defendant's husband agreed to spend the night at a separate residence owned by the couple. [DS 2-3] Officers thereafter received a call from Defendant's husband, who informed them that Defendant had come over to the

other residence. [DS 3] When an officer arrived at the other residence, he saw the two in the driveway, with Defendant refusing to leave until she got an apology from her husband. [DS 3] The officer testified that he tried to interview husband, but was having trouble hearing him because Defendant was verbally objecting to the officer's presence. [DS 3; MIO 2-3] The officer told Defendant to be quiet, but she would not stop. [DS 3-4] The officer told Defendant that she was under arrest and told her to place her hands behind her back. [DS 4] She refused to do so, instead crossing her arms in front of her. [DS 4] One officer then grabbed her left arm and another grabbed her right arm, placing handcuffs on her. [DS 4]

{5}     Defendant continues to argue that she was lawfully entitled to be on her own property. However, the issue is whether the officers were engaged in the lawful discharge of their duties, and there is no dispute that they were responding to and investigating a domestic disturbance call. As such, the ownership of the property was irrelevant insofar as Defendant was not entitled to obstruct the officers. Defendant's main argument continues to be that she had a first amendment right to express herself during the incident. Again, however, constitutionally-protected conduct and speech can become unlawful under certain circumstances, including when it rises to the level of obstructing an officer acting within the scope of his or her duties. *See generally*, *City of Hobbs v. Biswell*, 1970-NMCA-086, ¶¶ 5-9, 81 N.M. 778, 473 P.2d 917

(discussing the exercise of municipal police power).

**{5}** To the extent that Defendant is arguing that she had committed no crime when the officers attempted to arrest her, we disagree. Defendant's refusal to obey the officers prior to her arrest was sufficient to support probable cause for her arrest. *See State v. Diaz*, 1995-NMCA-137, ¶¶ 16–23, 121 N.M. 28, 908 P.2d 258 (providing that resisting refers not only to a defendant's overt physical act, but also to the failure to act when refusing to obey lawful police commands); *City of Roswell v. Smith*, 2006-NMCA-040, ¶ 5, 139 N.M. 381, 133 P.3d 271 (affirming the defendant's conviction for obstructing an officer based on his conduct of refusing to leave a parking lot even though he had been instructed several times by officers to do so). Defendant's reliance [MIO 8] on *State v. Wade*, 1983-NMCA-084, 100 N.M. 152, 667 P.2d 459 is not persuasive. That case held that the defendant's yelling did not constitute abuse of an officer. *Id.* ¶ 17. Unlike the present case, where Defendant had been ordered to stop her verbal obstruction of the officer's questioning of husband, the defendant in *Wade* had not been ordered to be quiet, and the conviction was overturned because the words alone were not enough to convict under that statute. *Id.*

**{6}** For the reasons set forth above, we affirm.

**{7}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

4

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**M. MONICA ZAMORA, Judge**