This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38634

**CITY OF HOBBS,**

Plaintiff-Appellee,

v.

**JESSICA SHORTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Efren Cortez, City Attorney
Valerie S. Chacon, Assistant City Attorney
Hobbs, NM

for Appellee

Jessica Shorter
Hobbs, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant, who is self-represented, is appealing from a district court order dismissing her appeal from the City of Hobbs Municipal Court. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to dismiss for cause, and a memorandum in opposition. We hereby deny the motion to dismiss and affirm the district court order.

**{2}** As this Court stated in our calendar notice, Rule 5-828(B) NMRA, which governs the district court's ability to dismiss appeals from municipal court, allows for dismissal if

the defendant "fails to show good cause for the failure to appear" for the de novo trial. If the defendant shows good cause, the district court is required to reschedule the trial. *Id.*

**{3}** Here, Defendant appealed her municipal court convictions in two separate proceedings, D-506-LR-2019-00017 and D-506-LR-2019-00018. [RP 84] The consolidated appeal was scheduled to be heard on September 11, 2019, but Defendant failed to appear. [RP 84] It appears that on that date the City of Hobbs (the City) was ready to proceed to trial, with three witnesses present. [RP 62] The district court issued an order dismissing the appeals. [RP 51] Defendant filed a motion to reconsider, and the district court gave notice that it would hold a hearing on the matter. [RP 57, 59] After hearing statements from Defendant, the district court denied her motion and dismissed the case. [RP 84]

**{4}** Defendant's motion did not indicate good cause for the failure to appear. [RP 57] Although she stated that she was concerned for her health [RP 57], she did not inform the district court prior to the September hearing that this was an issue, and did not present evidence to support her contentions. *Cf. Lopez v. Adams*, 1993-NMCA-150, ¶ 2, 116 N.M. 757, 867 P.2d 427 ("It is for the [district] court to weigh the testimony [and] determine the credibility of witnesses[.] If a finding is made against the party with the burden of proof, we can affirm if it was rational for the [district] court to disbelieve the evidence offered by that party." (citation omitted)). At the hearing on Defendant's motion, she argued, in essence, that she was above the law and the court had no jurisdiction over her. [DS 7] Given the facts before the district court, we conclude that it did not err in rejecting Defendant's good cause claim.

**{5}** Although not directly relevant to the good cause inquiry, Defendant asserts in her docketing statement and in her memorandum in opposition that the City had no right to pursue these charges. [DS 8; MIO 1-17] Defendant cites to no specific authority supporting her claims that the City could not constitutionally exercise police powers. *See State v. Guerra*, 2012-NMSC-027, ¶ 42, 284 P.3d 1076 (indicating that where a defendant cites no supporting authority from any jurisdiction, we may presume that no such authority exists); *see generally, City of Hobbs v. Biswell*, 1970-NMCA-086, ¶¶ 5-9, 81 N.M. 778, 473 P.2d 917 (discussing the exercise of municipal police power). We therefore conclude the assertions have no merit.

**{6}** Based on the foregoing, we affirm.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**