Certiorari Denied, June 15, 2010, No. 32,314

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2010-NMCA-054

Filing Date:  March 8, 2010

Docket No. 28,609

CITY OF RIO RANCHO,

  Plaintiff-Appellee,

v.

PATRICK MAZZEI,

  Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY
Violet C. Otero, District Judge

James C. Babin, City Attorney
Gina R. Manfredi, Assistant City Attorney
Kenneth J. Tager, Assistant City Attorney
Rio Rancho, NM

for Appellee

Fuentes & Associates, P.C.
Robert R. Fuentes
Rio Rancho, NM

for Appellant

## OPINION

**VANZI, Judge.**

**{1}**   Defendant appeals his conviction for his third offense of driving while under the influence of intoxicating liquor (DWI), pursuant to a violation of City of Rio Rancho, N.M., Municipal Code, Rev. Ordinances ch. VI, art. VI § 12.1 (2007) (the Ordinance). On appeal, Defendant challenges the constitutionality of the City of Rio Rancho's ability to charge him with a petty misdemeanor pursuant to the Ordinance. Defendant asserts that the Ordinance is inconsistent with state law because it limits his right to a jury trial, whereas the state

statute for the identical offense carries a misdemeanor penalty under which he would have been entitled to a jury trial; that the Ordinance is void because it is preempted by state law; and that the district court erred in rejecting Defendant's argument that he should have been *Mirandized* prior to giving consent to be tested for DWI. We affirm Defendant's conviction.

## BACKGROUND

**{2}** On January 18, 2007, Rio Rancho police stopped Defendant on suspicion of DWI in violation of the Ordinance. Defendant was tried and convicted in a bench trial in Rio Rancho Municipal Court of DWI, third offense, aggravated, and for traffic lane violation. Defendant was sentenced to one hundred seventy-nine days, the maximum penalty available under the Ordinance. Defendant appealed his conviction to the district court for a trial de novo.

**{3}** On appeal, the district court held a bench trial after which it also found Defendant guilty of DWI in violation of the Ordinance and sentenced Defendant for DWI, third offense, aggravated, and for failure to maintain traffic lane. The court sentenced Defendant to one hundred seventy-nine days in jail, with eighty-nine days suspended, and ordered probation, fines, and counseling. Defendant's conviction has been stayed pending the outcome of this appeal.

**{4}** Defendant argues on appeal that the Ordinance is void because it is inconsistent with state law in that: (1) by providing a lesser penalty for DWI than state law, the Ordinance denied Defendant his right to a jury trial in both the municipal court and on appeal in district court; and (2) the Legislature has preempted the field of DWI legislation, thereby prohibiting municipal regulation of DWI. Defendant also argues that the Implied Consent Act, NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 2007), violates his right against self-incrimination and that he should have been given a *Miranda* warning prior to being tested for DWI. We address each of Defendant's arguments in turn.

## DISCUSSION

### I. Rio Rancho DWI Ordinance Is Not Void

### A. Standard of

**{5}** The Defendant's first argument requires us to interpret the statutory scheme governing DWI and municipal ordinances. "Interpretation of municipal ordinances and statutes is a question of law that we review de novo." *Stennis v. City of Santa Fe*, 2008-NMSC-008, ¶ 13, 143 N.M. 320, 176 P.3d 309. "Our primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "When the language in a statute is clear and unambiguous, we give effect to that language and refrain from further statutory interpretation." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50.

### B. The Ordinance Did Not Unconstitutionally Limit Defendant's Right to a Jury

**{6}** Because the core of Defendant's argument concerns the constitutional right to a trial by jury, we briefly address which crimes are subject to the Sixth Amendment jury trial provision of the United States Constitution. Our courts have long held that a defendant may demand a trial by jury in those cases where the crime is classified as serious and has a potential penalty in excess of six months' imprisonment. *See State v. Sanchez*, 109 N.M. 428, 430, 786 P.2d 42, 44 (1990); *see also* N.M. Const. art II, § 12. New Mexico law does not provide for a jury trial for petty misdemeanors, i.e., crimes having a potential penalty of six months or less imprisonment. *Hamilton v. Walker*, 65 N.M. 470, 471-72, 340 P.2d 407, 408 (1959).

**{7}** In this case, Defendant was charged with DWI, third offense, aggravated. State law regarding DWI is embodied in NMSA 1978, Sections 66-8-102 to -112 (1953, as amended though 2008). The maximum penalty provided under the state statutes for DWI, third offense, is "imprisonment for not more than three hundred sixty-four days." Section 66-8-102(F). Because the possible penalty under the state statute is more than six months' imprisonment, Defendant would have been entitled to a jury trial had he been charged under that statute. On the other hand, the maximum penalty for DWI, third offense, provided by the Ordinance under which Defendant was actually charged, is one hundred seventy-nine days' imprisonment. Because this penalty is less than six months' imprisonment, Defendant was tried in municipal court without a jury.

**{8}** The parties agree that the City of Rio Rancho is a home rule municipality and, as such, it possesses authority under Article X, Section 6D of the New Mexico Constitution to enact local ordinances in areas not expressly denied by general law. Additionally, NMSA 1978, § 3-17-1(B) (1993) provides that a municipality may adopt ordinances for the health and safety of its inhabitants, so long as the ordinances are not inconsistent with the laws of New Mexico.

**{9}** Defendant argues that the City of Rio Rancho exceeded its authority by enacting the Ordinance because it unconstitutionally limited his right to a jury trial. He contends that by providing a lesser penalty than provided under the state DWI statutes, the Ordinance is void because it is inconsistent with state law. We disagree.

**{10}** The parties do not dispute that the elements of the crime of DWI defined in the Ordinance and under state law are substantially the same. The parties also agree that the only substantive difference between the Ordinance and the state DWI statute are in the penalty provisions of the respective laws. Defendant cites no authority to support his contention that an ordinance is inconsistent with state law merely because it provides for a lesser penalty than the maximum penalty permitted by statute. Moreover, we note several New Mexico Supreme Court cases holding contrary to Defendant's claim.

**{11}** Our Supreme Court first defined the test to determine whether an ordinance is inconsistent with state law in a 1954 case that challenged a municipal ordinance regulating

2

DWI. *State ex rel. Coffin v. McCall*, 58 N.M. 534, 537-38, 273 P.2d 642, 644 (1954). In *McCall*, the Court stated that the test for determining whether a conflict exists is "whether the ordinance permits an act the general law prohibits, or vice versa." *Id.* at 537, 273 P.2d at 644. Applying this test, the Court found that the municipal DWI ordinance in question did not invade statutory authority, but rather, the ordinance "merely complements the statute and is nowhere antagonistic therewith." *Id.* at 538, 273 P.2d at 644. In so ruling, the Court specifically noted the fact that, even though the penalties provided by the ordinance were different from those provided by the statute, a difference in the penalty provisions was insufficient to create a conflict. *Id.* at 537-38, 273 P.2d at 644. Our Supreme Court reiterated this test in two recent decisions. *Stennis*, 2008-NMSC-008, ¶ 21 ("A municipal ordinance does not conflict with state law unless the ordinance permits an act the general law prohibits, or vice versa." (internal quotation marks and citation omitted)); *see City of Las Cruces v. Rogers*, 2009-NMSC-042, ¶ 6, 146 N.M. 790, 215 P.3d 728 ("A municipal ordinance is inconsistent with the laws of New Mexico if the ordinance permits an act the general law prohibits, or vice versa." (internal quotation marks and citation omitted)).

{12}    In the present case, the parties do not dispute the fact that the Ordinance prohibits exactly the same acts as those prohibited by the state DWI statutes, i.e., driving while under the influence of intoxicating liquor or drugs. The only substantive difference between the Ordinance and state law is the penalty imposed. Applying our Supreme Court's conflict test, we conclude that the Ordinance is not inconsistent with the laws of New Mexico because it does not permit an act prohibited by the general law or vice versa.

{13}    Further, under the New Mexico Constitution, home rule municipalities are given greater authority to enact ordinances than non-home rule municipalities. Our Constitution states that a home rule municipality "may exercise all legislative powers and perform all functions not expressly denied by general law or charter." N.M. Const. art. X, § 6D. As the New Mexico Supreme Court noted in *Apodaca v. Wilson*, 86 N.M. 516, 521, 525 P.2d 876, 881 (1974), "a home rule municipality no longer has to look to the [L]egislature for a grant of power to act, but only looks to legislative enactments to see if any express limitations have been placed on their power to act." The purpose of the amendment "is to provide for maximum local self-government" and, therefore, a liberal construction should be given "to the powers of municipalities." N.M. Const. art. X, § 6E. In *Apodaca*, our Supreme Court construed the phrase "not expressly denied" in Subsection D to mean that a clear "statement of the authority or power denied must be contained in such general law . . . or otherwise no limitation exists." *Apodaca*, 86 N.M. at 521-22, 525 P.2d at 881-82 (internal quotation marks omitted); *State ex rel. Haynes v. Bonem*, 114 N.M. 627, 634, 845 P.2d, 150, 157 (1992).

{14}    New Mexico general law regarding DWI contains only one such express denial of municipal authority. Section 66-8-102.2 states that no municipal or county DWI ordinance shall provide for "an unlawful alcohol concentration level that is different than the alcohol concentration levels provided in Subsections C and D of Section 66-8-102." The DWI statutes do not contain any express denial of power regarding a municipality's authority to

3

impose a different penalty than that provided by statute; therefore, we conclude that a home rule municipality is free to impose any penalty for DWI that complies with the restrictions defined in Article X, Section 6D of the New Mexico Constitution and Section 3-17-1(C)(2) of the State Municipal Code. In the present case, the penalty imposed by the Ordinance, one hundred seventy-nine days, complies with those constitutional and statutory restrictions. For these reasons, we conclude that the Ordinance is not inconsistent with the laws of New Mexico, and therefore, Defendant was properly tried in municipal court without a jury.

**{15}** Additionally, because we conclude that the Ordinance was a valid exercise of municipal authority and, therefore, the initial charges were properly brought in municipal court, we need not reach the specifics of Defendant's argument that he was entitled to a jury trial in district court. Appeals to district court from municipal court decisions are controlled by NMSA 1978, Section 35-15-10 (1959), which states that all appeals from municipal court to district court for violations of municipal ordinances "shall be de novo and shall be tried before the court without a jury." Based on the clear language of this statute, we hold that Defendant was not entitled to a jury trial in district court.

## C.     The Ordinance Is Not Preempted by State Law

**{16}** Defendant next argues that the Ordinance is inconsistent with state law and is therefore void because, with regard to DWI legislation, the Legislature "has enacted a series of laws of statewide concern such that the state law is intended to control and create a uniform system of enforcement" that is intended to preempt municipal authority in the field of DWI. We are not persuaded by Defendant's argument.

**{17}** Both the state law regarding DWI and Section 3-17-1(C)(2) of the State Municipal Code demonstrate by their plain language that the Legislature did not intend to preempt the field of DWI legislation and preclude municipalities from enacting DWI ordinances. New Mexico's DWI statutes clearly contemplate the existence of municipal DWI ordinances in that the statutes discuss the proper interaction between such ordinances and the statutes. For example, Section 66-8-102(Q) states that "[a] conviction pursuant to a municipal or county ordinance in New Mexico . . . shall be deemed to be a conviction pursuant to this section for purposes of determining whether a conviction is a second or subsequent conviction." Similarly, Section 66-8-102.2 states that a municipal DWI ordinance may not provide for a blood alcohol concentration level that is different from the concentration levels provided for in the state statute.

**{18}** Section 3-17-1(C)(2) specifically addresses a municipality's authority to enact DWI ordinances by granting a municipality the authority to punish the "violation of an ordinance prohibiting driving a motor vehicle while under the influence of intoxicating liquor or drugs" by imposing "a fine of not more than one thousand dollars ($1,000) or imprisonment for not more than three hundred sixty-four days or both."

4

**{19}**   Based on the plain wording of these statutes, we conclude that, rather than intending to preempt the field of DWI legislation, it was the intent of the Legislature to specifically permit municipalities to enact DWI ordinances.

## II.   Miranda Warning Not Required Prior to Implied Consent Advisement

**{20}**   Defendant's final argument is that the Implied Consent Act violates his Fifth Amendment right against self-incrimination and that under *Miranda v. Arizona*, 384 U.S. 436 (1966), he should have been given a *Miranda* warning prior to being given the implied consent advisement and administration of the breath alcohol test (BAT).

**{21}**   Defendant's Fifth Amendment argument raises a mixed question of law and fact. *See State v. Javier M.*, 2001-NMSC-030, ¶ 17, 131 N.M. 1, 33 P.3d 1. "[W]e review mixed questions of law and fact de novo, particularly when they involve constitutional rights." *State v. Hernandez*, 1997-NMCA-006, ¶ 18, 122 N.M. 809, 932 P.2d 499 (filed 1996).

**{22}**   Defendant was placed under arrest and transported to Rio Rancho police headquarters after failing to properly perform field sobriety tests. The arresting officer advised Defendant of the requirements of the Implied Consent Act and asked Defendant if he agreed to take a BAT. Defendant agreed to the test, and the officer properly administered a BAT to Defendant.

**{23}**   Although somewhat unclear, Defendant appears to argue that the officer's question and requirement for a verbal response, along with the statutory requirement that a failure to consent to the test would subject Defendant to loss of his driving license and increased charges, violated Defendant's right against self-incrimination. We disagree for the following reasons.

**{24}**   The provisions of New Mexico's Implied Consent Act essentially declare that any person who operates a motor vehicle in New Mexico and is arrested under suspicion of DWI is deemed, by law, to have consented to chemical tests of his or her breath or blood, or both, to determine the drug or alcohol content. *In re Suazo*, 117 N.M. 785, 787, 877 P.2d 1088, 1090 (1994). Section 66-8-107(B) authorizes an officer who has reasonable grounds to believe a person may be driving while under the influence of intoxicating liquor to request that the person agree to take a chemical test to determine blood alcohol content.

**{25}**   "*Miranda* warnings are designed to protect an accused's [F]ifth [A]mendment right against self-incrimination." *State v. Tindle*, 104 N.M. 195, 197, 718 P.2d 705, 707 (Ct. App. 1986). New Mexico courts have, however, consistently held that physical evidence, such as breath, blood, fingerprints, etc., is excluded from the scope of the protection. *State v. Myers*, 88 N.M. 16, 21, 536 P.2d 280, 285 (Ct. App. 1975). Because of this exclusion, New Mexico common law requires explicit *Miranda*-type warnings only in situations where an accused is asked to provide testimonial or communicative evidence and does not require such warnings for physical evidence. *Id.*

5

**{26}** The reasoning of New Mexico courts in this area is well supported by a number of United States Supreme Court decisions, which hold that the privilege against self-incrimination only protects the accused from being compelled to provide the state with evidence of a testimonial or communicative nature and does not protect a suspect from being compelled by the state to produce "real or physical evidence." *Pennsylvania v. Muniz*, 496 U.S. 582, 588-89 (1990) (internal quotation marks and citation omitted). Specifically relevant to the present case, the Court held in *Schmerber v. California*, 384 U.S. 757, 765 (1966), *abrogated in part on other grounds as recognized by In re Grand Jury Subpoena Duces Tecum Dated Oct. 29, 1992*, 1 F.3d 87, 91 (2d Cir. 1993), that a person suspected of driving while intoxicated could be forced to provide a blood sample in the absence of a *Miranda* warning, because "[n]ot even a shadow of testimonial compulsion upon or enforced communication by the accused was involved either in the extraction or in the chemical analysis."

**{27}** We note that the officer's question asking Defendant if he agreed to take the test required only a simple yes or no answer and, therefore, was not testimonial in nature. Based on the forgoing analysis, we conclude that Defendant was not entitled to *Miranda* warnings prior to being advised and tested pursuant to the Implied Consent Act.

**CONCLUSION**

**{28}** For the reasons set forth above, we affirm the district court's decision.

**{29}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**

**Topic Index for *City of Rio Rancho v. Mazzei*, No. 28,609**

| | |
|---|---|
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| | |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-IC | Implied Consent |
| CA-MW | Miranda Warnings |

| | |
|---|---|
| CA-RA | Right Against Self-incrimination |
| CA-RJ | Right to Trial by Jury |
| CA-SI | Self-incrimination |
| CA-SN | Sentencing |
| CA-WA | Warrantless Arrest |
| | |
| **GV** | **GOVERNMENT** |
| GV-MU | Municipalities |
| GV-OR | Ordinances |
| | |
| **EV** | **EVIDENCE** |
| EV-CV | Circumstantial Evidence |