This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF RIO RANCHO,**

     Plaintiff-Appellee,

v.                                    **NO. 31,094**

**WAYNE KING,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

City of Rio Rancho
Gina R. Manfredi, City Attorney
Rio Rancho, NM

for Appellee

Fuentes & Associates, P.C.
Robert R. Fuentes
Rio Rancho, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his conviction for DWI, third offense. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition as well as a supplemental memorandum in opposition to our notice. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

In his memorandum in opposition, Defendant continues to make arguments previously made in the docketing statement, including claims that he was denied his right to a jury trial, he should have been given *Miranda* warnings, the city ordinance and state statute are in conflict with each other, and his refusal to submit to chemical testing was testimonial. We pointed out that similar arguments were addressed in *City of Rio Rancho v. Mazzei*, 2010-NMCA-054, 148 N.M. 553, 239 P.3d 149, *cert. denied*, 2010-NMCERT-005, 148 N.M. 575, 240 P.3d 1049, and we proposed to affirm on that basis. To the extent that Defendant provides new argument and new authority for his claims, we address those claims below.

Defendant claims that "*Mazzei* . . . does not address the argumentation advanced by [Defendant]" and that *Mazzei*, "if announced today, would be in error." [MIO 2, 10] We disagree with Defendant's contentions that certain cases decided prior to *Mazzei* call the holding in *Mazzei* into doubt. The facts and legal questions addressed in *Mazzei* were different from the circumstances in the older cases referred to by Defendant. On the other hand, the situation in *Mazzei* is almost identical to that

in this case, and *Mazzei* directly addresses the issues raised by Defendant in this appeal.

In this case, Defendant either uttered words or remained silent when asked if he would consent to be tested. Defendant's response was deemed a refusal. [DS 2] Defendant claims that the officer would have been required to later testify about Defendant's refusal in order to prove the case. Defendant refers to the description of "testimonial" statements in a recent United States Supreme Court decision and argues that his refusal to submit to chemical testing fits squarely within the description of a "testimonial" statement because its primary purpose was to establish events used for criminal prosecution. Again, the specific question in this case was not presented in the case cited by Defendant. As explained in *Mazzei*, there is no requirement for *Miranda* warnings to prove physical evidence such as breath or blood, and the privilege against self-incrimination does not protect an individual from being compelled to produce physical evidence. *Id.* ¶¶ 25-26. As stated in *Mazzei*, when a DWI suspect is compelled to submit a sample for testing, there is no enforced communication and no "testimonial" compulsion involved. *Id.* ¶ 26. We reject Defendant's argument.

Defendant filed a supplement to his memorandum in opposition, which is not permitted by our appellate rules. Even if we were to consider the supplement, we

would not agree with the argument advanced by Defendant. In the supplement, Defendant again argues that his refusal to submit to testing was a "testimonial" statement in response to custodial interrogation, and he claims that his argument is supported by a recent decision stating that un-warned statements cannot be used as evidence by the prosecutor in the case in chief. Defendant argues that it is not the "gathering of the evidence," but the "method by which the evidence is gathered" that required *Miranda* warnings. [Supp. 4] Defendant claims that this argument was not addressed in *Mazzei*. Contrary to Defendant's claim, we pointed out in *Mazzei* that a simple yes or no response was not testimonial, and *Miranda* warnings were not required before the defendant was advised and tested. *Id.* ¶ 27.

As discussed in this opinion and in our calendar notice, we affirm the judgment and sentence.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**