This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                     **No. 35,328**

**LORENZO ARTURO SALAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hadfield, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant appeals his convictions for attempted murder and tampering with evidence. We issued a notice of proposed summary disposition proposing to affirm.

Defendant has responded with a timely memorandum in opposition and a motion to amend the docketing statement. For the reasons set forth below, we reject Defendant's assertions of error and affirm.

**DISCUSSION**

{2}     Defendant first continues to argue that he was denied effective assistance of counsel in this matter because his trial counsel failed to adequately represent him after he filed a disciplinary complaint against her. [MIO 5] *See State v. Joanna V.*, 2004-NMSC-024, ¶ 5, 136 N.M. 40, 94 P.3d 783 ("The right to effective assistance of counsel free from conflicts of interest is guaranteed by the Sixth Amendment to the United States Constitution." (internal quotation marks and citation omitted)). Defendant also asserts that trial counsel failed to keep in contact with him, failed to file motions, failed to investigate the case, and allowed the case to go to trial on a felony without the testimony of the victim. [MIO 5] Defendant also now argues in his memorandum in opposition that trial counsel failed to give him adequate notice of the habitual offender hearing. [MIO 12] "We review claims of ineffective assistance of counsel de novo." *State v. Bernard*, 2015-NMCA-089, ¶ 33, 355 P.3d 831.

{3}     We first reject Defendant's argument that his filing of a disciplinary complaint against his attorney resulted in ineffective assistance of counsel. "In order to demonstrate a violation of the constitutional right to effective assistance of counsel,

the defendant must establish that an actual conflict of interest arose that affected defense counsel's performance." *Churchman v. Dorsey*, 1996-NMSC-033, ¶ 12, 122 N.M. 11, 919 P.2d 1076 (emphasis omitted). Defendant cites to no authority to suggest that filing a disciplinary complaint against an attorney necessarily creates a conflict of interest. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists). We therefore reject this argument.

{4}     With respect to Defendant's claim that trial counsel failed to file motions, Defendant has not explained how pre-trial motions would have affected the case. *See State v. Martinez*, 2007-NMCA-160, ¶ 22, 143 N.M. 96, 173 P.3d 18 (rejecting the defendant's claim of ineffective assistance of counsel based on the failure to file pre-trial motions where the defendant did not explain how the motions would have affected the case). Additionally, nothing in the record before us supports Defendant's claim that trial counsel failed to investigate or keep in contact with him. *See State v. Ford*, 2007-NMCA-052, ¶ 30, 141 N.M. 512, 157 P.3d 77 (stating that we do not review allegations of ineffective assistance of counsel that depend on matters outside of the record). For the same reason, we reject Defendant's claim in his memorandum in opposition that his trial counsel did not give him adequate notice of the habitual

offender hearing and that she failed to seek an extension so that he could find a new attorney. [MIO 12] Finally, we do not second guess trial counsel's decision whether to call a witness. *See State v. Trujillo*, 2012-NMCA-112, ¶ 47, 289 P.3d 238 (stating that "[t]he decision whether to call a witness is a matter of trial tactics and strategy within the control of trial counsel").

{5}     Defendant has therefore failed to make a prima facie showing of ineffective assistance of counsel. Absent a prima facie case of ineffective assistance of counsel, Defendant's remedy is through habeas proceedings. *See State v. Herrera*, 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33 P.3d 22 ("When the record on appeal does not establish a prima facie case of ineffective assistance of counsel, this Court has expressed its preference for resolution of the issue in habeas corpus proceedings over remand for an evidentiary hearing.").

{6}     Defendant also continues to argue that the district court erred in denying his motion to dismiss the tampering with evidence charge on the basis that it was unconstitutional as applied to him. [MIO 8]  Specifically, Defendant argues that the tampering with evidence statute is unconstitutional as applied because it violated his Fifth Amendment right against compelled self-incrimination. [MIO 8] However, as we stated in our notice of proposed summary disposition, Defendant's Fifth Amendment privilege was not implicated by his prosecution for tampering with

4

evidence because the Fifth Amendment does not apply to physical evidence, such as the knife handle at issue in this case. *See City of Rio Rancho v. Mazzei*, 2010-NMCA-054, ¶ 26, 148 N.M. 553, 239 P.3d 149 (discussing that the Fifth Amendment privilege against self-incrimination only protects the accused from being compelled to provide the state with evidence of a testimonial or communicative nature and does not protect a suspect from being compelled by the state to produce real or physical evidence; *see also State v. Randy J.*, 2011-NMCA-105, ¶ 16, 150 N.M. 683, 265 P.3d 734 (stating that physical evidence is excluded from the scope of the protection against compelled self-incrimination). We therefore reject this assertion of error.

{7}     Defendant next argues that the evidence was insufficient to support his conviction for attempted murder. [MIO 9-11] Specifically, Defendant argues that the evidence was insufficient because the victim did not testify. "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86 (citations omitted). "In reviewing the sufficiency of the evidence, [appellate courts] must view

the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

{8}     We first reject Defendant's argument that the testimony of the victim was necessary for him to be convicted. Defendant cites to no authority in support of this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2 (stating that an appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists). In order to convict Defendant of attempt to commit the crime of first degree murder, the State was required to prove beyond a reasonable doubt that on November 14, 2014, Defendant: (1) intended to commit the crime of first degree murder by a deliberate killing, and (2) began to do an act which constituted a substantial part of first degree murder by a deliberate killing but failed to commit first degree murder by deliberate killing. [RP 106] At trial, Jennifer Romero testified that she was parked at a gas station and saw Defendant get out of his vehicle and approach the victim and begin to hit him. [MIO 3] Ms. Romero testified that Defendant had the victim on the ground and continued to hit him. [MIO 3] At some point, Defendant went back to his vehicle and retrieved a steak knife. [MIO 4] Ms. Romero testified that Defendant stabbed victim with the knife multiple times. [MIO 4] Ms. Romero testified that

victim was bleeding. [MIO 4] Defendant then got back into his vehicle and drove circling the gas pump while laughing. [MIO 4] The jury was also shown surveillance video of the incident. [MIO 4] This evidence is sufficient to support Defendant's conviction for attempted murder. *See* NMSA 1978, §30-28-1 (1963) (stating that attempt to commit a felony consists of an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission); §30-2-1(A)(1) (defining first degree murder as the killing of one human being by another without lawful justification or excuse, by any of the means with which death may be caused by any kind of willful, deliberate and premeditated killing).

{9}     Defendant next argues that the evidence is insufficient to prove that he had three prior felony convictions. [MIO 11] "We review the sufficiency of the evidence presented in habitual offender proceedings under a substantial evidence standard of review." *State v. Bailey*, 2008-NMCA-084, ¶ 23, 144 N.M. 279, 186 P.3d 908. In order to support a habitual offender enhancement,  the State must make a prima facie showing, by a preponderance of the evidence, that: "(1) the defendant is the same person, (2) the defendant has been convicted of the prior felon[ies], and (3) less than ten years has passed since the defendant completed serving the sentence, probation, or parole." *State v. Clements*, 2009–NMCA–085, ¶ 22, 146 N.M. 745, 215 P.3d 54. Once the State makes a prima facie showing, the burden of proof shifts to the

defendant. *State v. Simmons*, 2006-NMSC-044, ¶ 13, 140 N.M. 311, 142 P.3d 899.

{10} Defendant argues in his memorandum in opposition that the only evidence to establish his identity for one prior conviction was a document with his name, date of birth, social security number, and an accompanying jail document with an accompanying photo and that this is insufficient. [MIO 11-12] As we noted in our notice of proposed summary disposition however, the record indicates that the State submitted three documents to prove Defendant's prior felony convictions: (1) a certified copy of a judgment and sentence from 2005, (2) a booking document from the Bernalillo County Jail relating to the 2005 convictions, and (3) a repeat offender plea disposition agreement. [RP 155-156] The booking document contained a photograph of Defendant and his social security number and birth date, and an accompanying photograph. [MIO 12] These documents are not contained in the record provided to this Court. *See State v. Jim*, 1988-NMCA-092, ¶ 3, 107 N.M. 779, 765 P.2d 195 ("It is defendant's burden to bring up a record sufficient for review of the issues he raises on appeal."). Defendant has not done so. Accordingly, we are without sufficient information to allow us to consider whether the State proved that Defendant had three prior felony convictions eligible to support a habitual offender sentence enhancement. Accordingly, we presume the correctness of the proceedings below and affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211

8

(stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error); *State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (stating that where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the district court's judgment).

{11}     Finally, we address the issues raised in Defendant's motion to amend the docketing statement. [MIO 15] Defendant argues that he was denied his right to a speedy trial in this matter. Based on our review of the record, Defendant was indicted on November 22, 2014, and trial commenced on October 21, 2015. [MIO 12-13; RP 2, 78] The delay was therefore less than twelve months. *See State v. Flores*, 2015-NMCA-081, ¶ 5, 355 P.3d 81 (stating that we calculate the length of delay from the time of the filing of a formal indictment or information or arrest and holding to answer). Accordingly, it appears that the delay did not cross the threshold for even a simple case, and therefore, there is no viable claim of a speedy trial violation. *See State v. Lopez*, 2009-NMCA-127, ¶ 21, 147 N.M. 364, 223 P.3d 361 (stating that initially, the length of delay must cross a threshold to establish a presumption of prejudice and to trigger further inquiry into the other speedy trial factors).

{12}     Defendant also seeks to add the issue that the district court erred in admitting the videotape of the incident because it was not authenticated. [MIO 15] However, the

9

video appears to have been properly authenticated by the testimony of an eyewitness to the incident that the video fairly and accurately depicted what she had observed. [MIO 4] *See* Rule 11-901(A), (B)(1) NMRA (stating the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is and that the testimony of a witness with knowledge satisfies the requirement); *see also State v. Mora*, 1997-NMSC-060, ¶ 53, 124 N.M. 346, 950 P.2d 789 (stating that photographic evidence must fairly and accurately represent the depicted subject in order to satisfy the foundation requirement for authentication of photographs), *abrogation recognized by State v. Stephenson*, ___-NMSC-___, ¶ 17, ___P.3d___ (No. 35,035, Sept. 26, 2016).  For these reasons, we do not believe these issues Defendant seeks to raise in his motion to amend the docketing statement are viable, and we therefore deny the motion. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91 (stating that issues sought to be presented in a motion to amend the docketing statement must be viable), *superseded in statute by State v. Tiley*, No. 35,387, mem. op. ¶ ___ (N.M. Ct. App. June 21, 2016) (non-precedential).

**{13}**     For these reasons, we affirm Defendant's convictions.

**{14}**     **IT IS SO ORDERED**.


_____
**MICHAEL E. VIGIL, Judge**

10

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**