This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38430**

**CITY OF RIO RANCHO,**

Plaintiff-Appellant,

v.

**WILLIAM MEIERER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

City of Rio Rancho
Gina R. Manfredi, Assistant City Attorney
Rio Rancho, NM

for Appellant

Clear & Clear, P.A.
Thomas J. Clear, III
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** The City of Rio Rancho (City) appeals the district court's grant of Defendant William Meierer's motion to dismiss on double jeopardy grounds. The court granted the motion while presiding over Defendant's de novo appeal from his municipal court convictions of one count of driving while under the influence of alcohol and one count of careless driving, contrary to Rio Rancho Municipal Code (RRMC), Rio Rancho, N.M., Rev. Ordinances ch.70, art. VI, § 12-6-12.1 (2007, amended 2021) and § 12-6-12.4 (2021), respectively. We reverse.

**BACKGROUND**

**{2}**     In June 2016, Defendant was arrested for driving while under the influence of alcohol, contrary to RRMC Section 12-6-12.1, and careless driving, contrary to RRMC § 12-6-12.4. The following day, Defendant waived his right to counsel, and pleaded no contest to both charges. The municipal court imposed a ninety day deferred sentence and ordered Defendant to complete one year of supervised probation for Defendant's DWI conviction. Among other conditions of probation, the court required Defendant to obtain an ignition interlock license and install an ignition interlock device for one year as a first time offender.[1] According to the parties, the municipal court mailed an abstract record of Defendant's DWI conviction to the Motor Vehicle Division (MVD).[2]

**{3}**     Approximately two weeks after entry of Defendant's judgment and sentence, defense counsel entered his appearance on Defendant's behalf, and filed a motion to withdraw Defendant's no contest pleas. As grounds in support of the motion, defense counsel raised the question of Defendant's competency to understand the nature and consequences of his pleas. The municipal court transferred Defendant's case to the district court and according to both parties denied Defendant's motion to withdraw his pleas.

**{4}**     In June 2017, after completion of a competency evaluation, the district court entered a stipulated order finding Defendant competent to stand trial and remanding the case back to municipal court. Three days later, defense counsel filed a second motion in municipal court seeking the withdrawal of Defendant's no contest pleas. The municipal court granted Defendant's motion in October 2017.

**{5}**     While the case was pending, and at the request of defense counsel, the municipal court entered an order allowing Defendant to remove the ignition interlock device from his vehicle, finding Defendant had installed and maintained the interlock device in his vehicle since April 5, 2017, and that Defendant's license had been reinstated on April 6, 2018.

**{6}**     Defendant was subsequently convicted of both the DWI and careless driving charges following a December 2018 bench trial. The municipal court judge awarded Defendant credit for the year Defendant drove with an interlock license and with an interlock device in his vehicle.

**{7}**     Defendant appealed his two convictions, and requested a trial a de novo in district court. On the day of Defendant's district court trial setting, defense counsel moved to dismiss the charges on double jeopardy grounds. Defendant argued that as a

1The ignition interlock was installed in Defendant's vehicle on April 5, 2017.
2To the extent Defendant argues the municipal court should not have sent a copy of the abstract until his time to file an appeal to the district court expired, we note that the municipal court was required to send a record Defendant's convictions to the MVD "not more than ten days following" disposition of Defendant's traffic violations. RRMC, Rio Rancho, N.M., Rev. Ordinances ch. 34, § 34.05(C) (2021); *see* NMSA 1978, § 66-8-135(C) (2013, amended 2018). Defendant did not move to withdraw his pleas until fourteen days after entry of his judgment and sentence and did not attempt to appeal his no contest plea.

result of the municipal court sending the abstract of his DWI conviction to MVD after his no contest plea, Defendant's license was revoked, and therefore, Defendant had already been both prosecuted and punished for DWI.[3] The district court granted Defendant's motion, and filed an order in August 2019 remanding the case to municipal court with instructions to dismiss the charges with prejudice. In support of its order, the district court found that the sentence imposed after acceptance of Defendant's no contest plea to DWI prejudiced Defendant by revoking his license for one year, and as such, "[t]he imposition of . . . [that] sentence precludes Defendant's de novo appeal rights and acts as a [d]ouble [j]eopardy bar to further prosecution including the present appeal." This appeal followed.

## DISCUSSION

**{8}**     The City argues that the district court improperly dismissed Defendant's case on double jeopardy grounds. We review double jeopardy claims de novo, but when there are factual issues intertwined with the double jeopardy analysis, we review the trial court's findings of fact for substantial evidence. *State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737. We address each argument in turn.

### Preservation

**{9}**     As we understand the City's first argument, the City contends the district court erred in considering Defendant's double jeopardy motion because it was not preserved. According to the City, Defendant failed to preserve this claim by not raising it in municipal court, or by not availing himself of other avenues to seek relief of his revocation classification from the MVD, which we do not reiterate here. For the reasons explained below, we conclude that the district court did not err in considering Defendant's motion.

**{10}**     Defendant's right to be free of double jeopardy is constitutionally guaranteed and statutorily protected. *See* U.S. Const. amend. V; N.M. Const. art. II, § 15; NMSA 1978, § 30-1-10 (1963). And in New Mexico, "[t]he defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment." Section 30-1-10. Defendant raised a double jeopardy violation claim in the district court after a de novo appeal. In a de novo appeal, the general rule is that a district court conducts a new trial as if the trial in the lower court had not occurred. *See* NMSA 1978, § 39-3-1 (1955) ("All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law."). When a party raises a pretrial motion in a de novo appeal, as Defendant did in this case, a district court must both consider and determine the merits of the motion. *See City of Farmington v. Pinon-Garcia*, 2013-NMSC-046, ¶ 9, 311 P.3d 446 (stating that "[t]he duty of the district court, when a party

---

[3]Defendant did not argue below, and does not argue on appeal, that the other requirements of his second judgment and sentence for both the DWI and careless driving charges violate his double jeopardy rights. Rather, Defendant argues only that, and the district court found, the second year of an ignition interlock requirement violated Defendant's double jeopardy rights.

raises a pretrial motion in a de novo appeal, is to make an independent determination of the merits of the motion"). Because a double jeopardy claim can be raised at any stage of the proceedings, Defendant was not required to preserve his double jeopardy claim and the district court did not err in considering Defendant's motion. Therefore, we next address the district court's ruling on at that motion.

**Double Jeopardy Claim**

**{11}** The Fifth Amendment of the United States Constitution states, "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb[.]" U.S. Const. amend. V. The federal constitution "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440 (1989), *abrogated on other grounds by Hudson v. United States*, 522 U.S. 93 (1997).

**{12}** The district court found that Defendant's license revocation was due to the "imposition of the sentence" related to his criminal proceedings in municipal court, and ruled on that ground that double jeopardy precluded further prosecution, including his de novo appeal. In other words, the district court ruled that even though Defendant later withdrew his no contest plea, a subsequent prosecution for the charges would violate Defendant's protection against multiple punishments for the same offense. "Substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion." *State v. Brown*, 2014-NMSC-038, ¶ 43, 338 P.3d 1276 (internal quotation marks and citation omitted). We will not weigh the evidence or substitute our own judgment for that of the trial court, and we accept all reasonable inferences supporting its findings, even if some evidence may have supported a contrary finding. *Rodriguez*, 2006-NMSC-018, ¶ 3.

**{13}** The City contends the district court erred in granting Defendant's motion to dismiss on double jeopardy grounds because Defendant's license was revoked due to an administrative proceeding, and therefore, is not punishment for purpose of double jeopardy. *See State ex rel. Schwartz v. Kennedy*, 1995-NMSC-069, ¶ 43, 120 N.M. 619, 904 P.2d 1044 (holding that "administrative driver's license revocation under the Implied Consent Act does not constitute 'punishment' for the purposes of the Double Jeopardy Clause"). Defendant maintains, as the district court found, that his license was revoked as a punishment following his plea of no contest and not as the result of administrative action. In support of his position, Defendant argues that there is no evidence in the record demonstrating Defendant's license was revoked as a result of an administrative hearing, and declares that, although not in the record, Defendant requested an administrative hearing and the revocation of his driving privileges were rescinded as a result.

**{14}** Our review of the record shows that there is no evidence demonstrating that Defendant's license was revoked due to an administrative hearing, or that an administrative hearing took place. Rather, the record demonstrates that the sentence

imposed after Defendant's no contest plea required that he obtain an interlock license and install an interlock device in his vehicle for one year and that his full driving privileges were reinstated upon completion of that year. The abstract of Defendant's DWI conviction that the parties agree was sent to MVD reflects the imposition of a one-year interlock requirement. And after presiding over Defendant's later bench trial and convicting him of DWI, the municipal court granted Defendant credit for the year he drove with an interlock license and device. Viewing the aforementioned evidence "under a deferential substantial evidence standard" and drawing "all reasonable inferences" in favor of the district court's factual finding, *Rodriguez*, 2006-NMSC-018, ¶ 3, we conclude that substantial evidence supports the district court's finding that Defendant's license was revoked and he was required to drive with an interlock license as a result of the judgment and sentence imposed upon his no contest plea. We next determine whether the district court erred as a matter of law when it determined that Defendant's double jeopardy rights precluded a subsequent prosecution in this case.

**{15}** Here, there is no question that jeopardy attached when the municipal court entered the judgment and sentence after accepting Defendant's no contest plea. *See State v. Angel*, 2002-NMSC-025, ¶ 10, 132 N.M. 501, 51 P.3d 1155 (recognizing that "jeopardy attaches when the court enters a judgment and imposes a sentence on the guilty plea"). However, under the facts of this case, double jeopardy did not preclude the State from prosecuting Defendant on the original charges. We explain.

**{16}** Although jeopardy attached when the municipal court entered a judgment and sentence after accepting Defendant's pleas, Defendant later withdrew those no contest pleas. When a defendant withdraws a plea, it destroys the judgment and sentence and places the defendant in the same position as before the plea was entered into, and therefore, removes jeopardy for purposes of further proceedings. *See State v. Garcia*, 1996-NMSC-013, ¶ 24, 121 N.M. 544, 915 P.2d 300 (stating that allowing the defendant to withdraw his plea effectively disposes of defendant's other claims on appeal related to his judgment and sentence because the judgment and sentence is no longer at issue); *State v. James*, 1979-NMCA-022, ¶ 12, 94 N.M. 7, 606 P.2d 1101 (stating that jeopardy was not removed because there was no evidence that the defendant withdrew his plea agreement in magistrate court); *State v. Yancey*, 2021-NMCA-009, ¶ 27, 484 P.3d 1008 (concluding that defendant's withdrawal of his plea agreement places him in the same state as before the plea agreement was accepted, including the reinstatement of all charges dismissed pursuant to the plea agreement). When Defendant withdrew his pleas of no contest, jeopardy was removed before Defendant proceeded to trial in municipal court. Therefore, Defendant's trial in municipal court did not create a double jeopardy violation for the same offense.

**{17}** To the extent Defendant argues and as the district court appears to have found, the judgment and sentence imposed after Defendant's bench trial in the municipal court violates double jeopardy because it imposes a second punishment for the same offense, we disagree. The judgment and sentenced imposed after Defendant's bench trial contains the inscriptions "credit," "nunc pro tunc," and "4-5-17" next to the interlock license and device condition of probation. "A nunc pro tunc order has reference to the

making of an entry now, of something which was actually previously done, so as to have it effective as of the earlier date." *State v. Reyes-Arreola*, 1999-NMCA-086, ¶ 17, 127 N.M. 528, 984 P.2d 775 (internal quotation marks and citation omitted). Therefore, Defendant received credit for the year he drove with an interlock license and interlock device on his vehicle and was not required to repeat those requirements again.

{18}    Further, the City of Rio Rancho identifies NMSA 1978, § 66-8-102 (2016), as the parallel New Mexico statute to RRMC Section 12-6-12.1. *See* RRMC, Rio Rancho, N.M., Rev. Ordinances ch. 70, § 7-2009 (2021), https://www.codepublishing.com/NM/RioRancho/#!/html/RioRancho70/RioRancho799.html. Section 66-8-102(Q) requires that "[a]n offender who obtains an ignition interlock license and installs an ignition interlock device prior to conviction *shall* be given credit at sentencing for the time period the ignition interlock device has been in use." (Emphasis added.)[4] The municipal court awarded Defendant credit for completing his one year ignition lock requirement, and therefore, Defendant's second judgment and sentence did not create a double jeopardy violation because it did not impose further punishment on Defendant after he completed the ignition lock requirement. Accordingly, double jeopardy does not preclude a trial on Defendant's de novo appeal.

## CONCLUSION

{19}    Defendant's double jeopardy rights were not violated by the bench trial in municipal court because he had withdrawn his prior no contest pleas. Further, Defendant's double jeopardy rights were not violated by the second judgment and sentence because Defendant received credit for the year already completed. Therefore, we reverse the district court's order dismissing Defendant's case on double jeopardy grounds, and remand to the district court for further proceedings consistent with this opinion.

{20}    IT IS SO ORDERED.

JACQUELINE R. MEDINA, Judge

WE CONCUR:

KRISTINA BOGARDUS, Judge

MEGAN P. DUFFY, Judge

---

4"Both the state law regarding DWI and [NMSA 1978, Section 3-17-1(C)(2) [(1993)] of the State Municipal Code demonstrate by their plain language that the Legislature did not intend to preempt the field of DWI legislation and preclude municipalities from enacting DWI ordinances. New Mexico's DWI statutes clearly contemplate the existence of municipal DWI ordinances in that the statutes discuss the proper interaction between such ordinances and the statutes." *City of Rio Rancho v. Mazzei*, 2010-NMCA-054, ¶ 17, 148 N.M. 553, 239 P.3d 149. "Any [ordinance] adopted shall provide for minimum requirements at least equal to the state requirements on the same subject." NMSA 1978, § 3-17-6(A) (2007).